UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FINGAL E. JOHNSON,

        Plaintiff,                             Case No. 1:10-cv-491

v.                                                 Honorable Robert J. Jonker

ANGELA MARTIN et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Angela Martin. The Court will serve the complaint against Defendants Nancy Lange and Robert D. Lacy.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff Fingal E. Johnson presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Lakeland Correctional Facility (LCF). He sues MDOC Health Care Quality Assurance Manager Angela Martin, LCF Health Unit Manager Nancy Lange, and LCF Doctor Robert D. Lacy.

Plaintiff alleges that, on May 16, 2002, MDOC health care providers sent him to a podiatric specialist, Dr. Goosen, who found that Plaintiff had flat feet, extreme overpronation, bunion deformity, hammertoe, and other foot problems. Dr. Goosen recommended that Plaintiff be given custom orthotic devices. MDOC Doctor Lou Ann Dick denied Dr. Goosen's recommendation, but provided Plaintiff with New Balance shoes that had a roller bar and support, along with insoles. The shoes were to be replaced semi-annually. Plaintiff contends that the shoes and insoles provided by Dr. Dick gave him significant relief. However, when Plaintiff arrived at LCF, he was unable to receive the same shoes, but instead was given either Riddell or Bob Barker shoes, which had no support and caused him as much damage as regular state shoes. He has been given the cheapest type of arch supports, which are ineffective and for which he was required to sign an agreement that the supports would last a year. Plaintiff also has had a problem with obtaining replacement shoes on a regular basis.

Plaintiff has consulted with Defendants Lange and Lacy, advising them that his ankles, knees, hips and back were being badly damaged by his shoes, and he ultimately has resorted to walking with a cane because of the extreme pain. Plaintiff filed a grievance against Defendants Lange and Lacy, which was upheld by Defendant Martin at Step III of the grievance process.

Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendant Martin, other than his claim that she failed adequately to respond to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant Martin engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against her.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant Martin will be dismissed for failure to state a claim under 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Lange and Lacy.

An Order consistent with this Opinion will be entered.


Dated:     August 6, 2010              /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                UNITED STATES DISTRICT JUDGE