UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINGAL E. JOHNSON,

       Plaintiff,

CASE NO. 1:10-cv-491

v.

HON. ROBERT J. JONKER

ANGELA MARTIN, *et al.*,

       Defendants.
_____/

**ORDER APPROVING REPORT AND RECOMMENDATION**

       The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 42) and Plaintiff's Objections to it (docket # 45). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

       In his Report and Recommendation, Magistrate Judge Brenneman recommends that Defendant Nancy Lange's Motion for Summary Judgment (docket # 23) be granted. Plaintiff raises

multiple objections to the Report and Recommendation, but none of the objections undermine the conclusion of the Magistrate Judge. After a de novo review of the record, the Court orders that Ms. Lange's motion for summary judgment be granted.

The Magistrate Judge correctly noted that to prevail on an Eighth Amendment claim, Plaintiff must demonstrate that Ms. Lange's conduct deprived him of "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Additionally, even if Plaintiff can demonstrate such a deprivation occurred, he must also show that Ms. Lange acted with deliberate indifference to his health and safety; mere negligence is not enough. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff failed to meet either element in this case.

Several of Plaintiff's objections to the Recommendation are based on Plaintiff's belief that Ms. Lange demonstrated deliberate indifference to Plaintiff's medical needs. These objections are without merit. Ms. Lange only provided healthcare services to Plaintiff on one date, October 1, 2008, when she examined Plaintiff's feet after he complained of foot pain resulting from shoes previously provided to him as required by a Special Accommodation Notice (SAN). Ms. Lange determined Plaintiff's feet had no redness, swelling, or irritation, and that Plaintiff did not appear sick, in distress, or otherwise exhibit any irregular symptoms that would cause alarm. Based on this examination, Ms. Lange concluded Plaintiff did not need a different type of shoe. Contrary to Plaintiff's objections, Ms. Lange's medical recommendation complied with Plaintiff's SAN, and Ms. Lange's conduct did not demonstrate a deliberate disregard for Plaintiff's medical needs.

Plaintiff's objection to the Magistrate Judge's reliance on Ms. Lange's medical examination is similarly without merit. As noted by the Magistrate Judge, "[w]here a prisoner received some

medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments . . . ." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Based on a medical examination, Ms. Lange determined Plaintiff's prescribed shoes were adequate and in accordance with the SAN requirements. Although Plaintiff preferred different shoes, his preference does not warrant second guessing Ms. Lange's conclusion.

Plaintiff also objects to the Recommendation based on the belief that the Magistrate Judge failed to fully consider his claims. These objections fail to account for Ms. Lange's role in Plaintiff's treatment. Ms. Lange's treatment of Plaintiff was limited to a single medical examination–she did not examine Plaintiff at any other time in relation to other complaints regarding Plaintiff's condition. Section 1983 does not permit Plaintiff to maintain claims against Ms. Lange based on other individuals' alleged wrongdoing. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding § 1983 claims cannot be based on theory of respondeat superior). Plaintiff acknowledges this fact in his Objection. (docket # 45, at 5). Therefore, Plaintiff's claims against Ms. Lange that are based on conduct by other individuals, including Michigan Department of Corrections and Lakeland Correctional Facility personnel, are meritless.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed June 22, 2011, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendant Lange (docket #23) is **GRANTED**. The case remains open against Defendant Dr. Lacy only.

Dated:   September 15, 2011            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE